FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/9/2015 11:12:21 PM
KEITH E. HOTTLE
Clerk

EXHIBIT A

# Trial Court's Final Judgment



2001CI17102 -D037

## CAUSE NO. 2001-CI-17102

| | | |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS | § | 37ᵗʰ JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDNA A. MARTINEZ | § | BEXAR COUNTY, TEXAS |

### FINAL JUDGMENT

On the 27th day of March, 2013, the court heard Plaintiff's (State Office of Risk Management) Motion for Summary Judgment, and Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion To Reconsider Defendant's No-Evidence Motion for Summary Judgment. Having considered the respective motions, responses, evidence, and argument of counsel, the court is of the opinion that Plaintiff's Motion for Summary Judgment should be granted, and that Defendant's Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's Motion for No-Evidence Summary Judgment should each be denied.

Further, it appears to the court that the Texas Department of Insurance - Division of Workers' Compensation has received notice of this judgment pursuant TEX. LAB. CODE §410.258, and has not intervened.

Accordingly, the court renders judgment for Plaintiff, State Office of Risk Management, and against Defendant, Edna A. Martinez. It is, therefore:

ORDERED, ADJUDGED, and DECREED that Plaintiff's (State Office of Risk Management) Motion for Summary Judgment is hereby GRANTED;

ORDERED, ADJUDGED, and DECREED that Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's No-Evidence Motion

1

Document scanned as filed.


2001CI17102 -0037

CAUSE NO. 2001-CI-17102

| STATE OFFICE OF RISK MANAGEMENT | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| VS | § | 37th JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDNA A. MARTINEZ | § | BEXAR COUNTY, TEXAS |

## FINAL JUDGMENT

On the 27th day of March, 2013, the court heard Plaintiff's (State Office of Risk Management) Motion for Summary Judgment, and Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion To Reconsider Defendant's No-Evidence Motion for Summary Judgment. Having considered the respective motions, responses, evidence, and argument of counsel, the court is of the opinion that Plaintiff's Motion for Summary Judgment should be granted, and that Defendant's Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's Motion for No-Evidence Summary Judgment should each be denied.

Further, it appears to the court that the Texas Department of Insurance - Division of Workers' Compensation has received notice of this judgment pursuant TEX. LAB. CODE §410.258, and has not intervened.

Accordingly, the court renders judgment for Plaintiff, State Office of Risk Management, and against Defendant, Edna A. Martinez. It is, therefore:

ORDERED, ADJUDGED, and DECREED that Plaintiff's (State Office of Risk Management) Motion for Summary Judgment is hereby GRANTED;

ORDERED, ADJUDGED, and DECREED that Defendant's (Edna A. Martinez) Second Motion for Final Summary Judgment and Motion to Reconsider Defendant's No-Evidence Motion

1

Document scanned as filed.

C     01

for Summary Judgment are hereby DENIED;

ORDERED, ADJUDGED, and DECREED that the final decision of the Texas Department of Insurance - Division of Worker's Compensation (formerly the Texas Workers' Compensation of Commission) appeals panel in Appeal No. 012392 (Claim No. 01174797) is hereby REVERSED; and judgment rendered that Defendant did not sustain a compensable injury;

ORDERED, ADJUDGED, and DECREED that all taxable court costs expended in this cause are adjudged against the party incurring the same.

This Judgment is final, disposes of all claims and parties, and is appealable.

Signed this _____ day of _____MAY – 6 2014_____, 2014.

Hon. Antonia Arteaga,
Judge, 57th District Court

APPROVED AS TO FORM:

Sandra E. Salas *Horne*
Assistant Attorney General
Tort Litigation Division
P. O. Box 12548
Austin, Texas 78711
(512) 463-2197
(512) 463-2224 facsimile

By: _____
Sandra E. Salas
State Bar No. 24051282

ATTORNEY FOR PLAINTIFF

Kenneth W. Howell
Attorney at Law
629 S. Presa
San Antonio, Texas 78205
(210) 227-6305
(210) 227-6327 facsimile

By: _____
Kenneth W. Howell
State Bar No. 10102727

ATTORNEY FOR DEFENDANT

2

02

# EXHIBIT B

# Statutes

Westlaw.

c

**Effective: September 1, 2009**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 401. General Provisions
          Subchapter B. Definitions
            **§ 401. 011. General Definitions**

In this subtitle:

(1) "Adjuster" means a person licensed under Chapter 4101, Insurance Code.

(2) "Administrative violation" means a violation of this subtitle, a rule adopted under this subtitle, or an order or decision of the commissioner that is subject to penalties and sanctions as provided by this subtitle.

(3) "Agreement" means the resolution by the parties to a dispute under this subtitle of one or more issues regarding an injury, death, coverage, compensability, or compensation. The term does not include a settlement.

(4) "Alien" means a person who is not a citizen of the United States.

(5) "Benefit" means a medical benefit, an income benefit, a death benefit, or a burial benefit based on a compensable injury.

(5-a) "Case management" means a collaborative process of assessment, planning, facilitation, and advocacy for options and services to meet an individual's health needs through communication and application of available resources to promote quality, cost-effective outcomes.

(6) "Certified self-insurer" means a private employer granted a certificate of authority to self-insure, as authorized by this subtitle, for the payment of compensation.

(7) "Child" means a son or daughter. The term includes an adopted child or a stepchild who is a dependent of the employee.

(8) "Commissioner" means the commissioner of workers' compensation.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(9) "Commute" means to pay in a lump sum.

(10) "Compensable injury" means an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle.

(11) "Compensation" means payment of a benefit.

(12) "Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes an activity conducted on the premises of the employer or at other locations. The term does not include:

(A) transportation to and from the place of employment unless:

(i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;

(ii) the means of the transportation are under the control of the employer; or

(iii) the employee is directed in the employee's employment to proceed from one place to another place; or

(B) travel by the employee in the furtherance of the affairs or business of the employer if the travel is also in furtherance of personal or private affairs of the employee unless:

(i) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and

(ii) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel.

(12-a) "Credentialing" has the meaning assigned by Chapter 1305, Insurance Code.

(13) "Death benefit" means a payment made under this subtitle to a legal beneficiary because of the death of an employee.

(13-a) "Department" means the Texas Department of Insurance.

(14) "Dependent" means an individual who receives a regular or recurring economic benefit that contributes

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

substantially to the individual's welfare and livelihood if the individual is eligible for distribution of benefits under Chapter 408.

(15) "Designated doctor" means a doctor appointed by mutual agreement of the parties or by the division to recommend a resolution of a dispute as to the medical condition of an injured employee.

(16) "Disability" means the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage.

(16-a) "Division" means the division of workers' compensation of the department.

(17) "Doctor" means a doctor of medicine, osteopathic medicine, optometry, dentistry, podiatry, or chiropractic who is licensed and authorized to practice.

(18) "Employer" means, unless otherwise specified, a person who makes a contract of hire, employs one or more employees, and has workers' compensation insurance coverage. The term includes a governmental entity that self-insures, either individually or collectively.

(18-a) "Evidence-based medicine" means the use of current best quality scientific and medical evidence formulated from credible scientific studies, including peer-reviewed medical literature and other current scientifically based texts, and treatment and practice guidelines in making decisions about the care of individual patients.

(19) "Health care" includes all reasonable and necessary medical aid, medical examinations, medical treatments, medical diagnoses, medical evaluations, and medical services. The term does not include vocational rehabilitation. The term includes:

(A) medical, surgical, chiropractic, podiatric, optometric, dental, nursing, and physical therapy services provided by or at the direction of a doctor;

(B) physical rehabilitation services performed by a licensed occupational therapist provided by or at the direction of a doctor;

(C) psychological services prescribed by a doctor;

(D) the services of a hospital or other health care facility;

(E) a prescription drug, medicine, or other remedy; and

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

06

Westlaw,

C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        ⸆≣ Chapter 406. Workers' Compensation Insurance Coverage (Refs & Annos)
          ⸆≣ Subchapter B. Coverage Requirements
            ⇨⇨ **§ 406. 031. Liability for Compensation**

(a) An insurance carrier is liable for compensation for an employee's injury without regard to fault or negligence if:

(1) at the time of injury, the employee is subject to this subtitle; and

(2) the injury arises out of and in the course and scope of employment.

(b) If an injury is an occupational disease, the employer in whose employ the employee was last injuriously exposed to the hazards of the disease is considered to be the employer of the employee under this subtitle.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter F. Judicial Review--General Provisions
            **§ 410. 251. Exhaustion of Remedies**

A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review under this subchapter and Subchapter G, [FN1] if applic- able.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

    [FN1] V.T.C.A., Labor Code § 410.301 et seq.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

08

Westlaw.

C

**Effective: September 1, 2005**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter G. Judicial Review of Issues Regarding Compensability or Income or Death Benefits
            **§ 410. 302. Admissibility of Records; Limitation of Issues**

(a) The records of a contested case hearing conducted under this chapter are admissible in a trial under this subchapter in accordance with the Texas Rules of Evidence.

(b) A trial under this subchapter is limited to issues decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2005, 79th Leg., ch. 265, § 3.204, eff. Sept. 1, 2005.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

V.T.C.A., Labor Code § 410. 303

C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 410. Adjudication of Disputes (Refs & Annos)
          Subchapter G. Judicial Review of Issues Regarding Compensability or Income or Death Benefits
            **§ 410. 303. Burden of Proof**

The party appealing the decision on an issue described in Section 410.301(a) has the burden of proof by a preponderance of the evidence.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Westlaw.

c

**Effective: September 1, 2005**

Vernon's Texas Statutes and Codes Annotated Currentness
  Labor Code(Refs & Annos)
    Title 5. Workers' Compensation
      Subtitle A. Texas Workers' Compensation Act
        Chapter 408. Workers' Compensation Benefits (Refs & Annos)
          Subchapter L. Attorney's Fees in Workers' Compensation Benefit Matters (Refs & Annos)
            **§ 408. 221. Attorney's Fees Paid to Claimant's Counsel**

(a) An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle must be approved by the commissioner or court.

(b) Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence presented to the division or court. Except as provided by Subsection (c) or Section 408.147(c), the attorney's fee shall be paid from the claimant's recovery.

(c) An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier in accordance with the limitation of issues contained in Section 410.302. If the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails. In making that apportionment, the court shall consider the factors prescribed by Subsection (d). This subsection does not apply to attorney's fees for which an insurance carrier may be liable under Section 408.147. An award of attorney's fees under this subsection is not subject to commissioner rules adopted under Subsection (f).

(d) In approving an attorney's fee under this section, the commissioner or court shall consider:

  (1) the time and labor required;

  (2) the novelty and difficulty of the questions involved;

  (3) the skill required to perform the legal services properly;

  (4) the fee customarily charged in the locality for similar legal services;

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(5) the amount involved in the controversy;

(6) the benefits to the claimant that the attorney is responsible for securing; and

(7) the experience and ability of the attorney performing the services.

(e) The commissioner by rule or the court may provide for the commutation of an attorney's fee, except that the attorney's fee shall be paid in periodic payments in a claim involving death benefits if the only dispute is as to the proper beneficiary or beneficiaries.

(f) The commissioner by rule shall provide guidelines for maximum attorney's fees for specific services in accordance with this section.

(g) An attorney's fee may not be allowed in a case involving a fatal injury or lifetime income benefit if the insurance carrier admits liability on all issues and tenders payment of maximum benefits in writing under this subtitle while the claim is pending before the division.

(h) An attorney's fee shall be paid to the attorney by separate draft.

(i) Except as provided by Subsection (c) or Section 408. 147(c), an attorney's fee may not exceed 25 percent of the claimant's recovery.

CREDIT(S)

Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993. Amended by Acts 2001, 77th Leg., ch. 1456, § 8.01, eff. June 17, 2001; Acts 2005, 79th Leg., ch. 265, § 3.132, eff. Sept. 1, 2005.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Government Code(Refs & Annos)
    Title 6. Public Officers and Employees (Refs & Annos)
      ᴿ⒢ Subtitle B. State Officers and Employees
        ᴿ⒢ Chapter 658. Hours of Labor
          ➡➡ **§ 658. 010. Place Where Work Performed**

(a) An employee of a state agency shall, during normal office hours, conduct agency business only at the employee's regular or assigned temporary place of employment unless the employee:

  (1) is travelling; or

  (2) received prior written authorization from the administrative head of the employing state agency to perform work elsewhere.

(b) The employee's personal residence may not be considered the employee's regular or assigned temporary place of employment without prior written authorization from the administrative head of the employing state agency.

CREDIT(S)

Added by Acts 1999, 76th Leg., ch. 279, § 8, eff. Sept. 1, 1999.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

c

**Effective: June 19, 2009**

Vernon's Texas Statutes and Codes Annotated Currentness
  Government Code(Refs & Annos)
    Title 6. Public Officers and Employees (Refs & Annos)
      Subtitle B. State Officers and Employees
        Chapter 659. Compensation
          Subchapter B. Salary Amounts; Overtime and Compensatory Time (Refs & Annos)
            → → **§ 659. 018. Compensatory Time: Place Where Work Performed**

(a) Except under circumstances specified in the General Appropriations Act or as provided by Subsection (b), an employee of a state agency as defined by Section 658.001 may not, for hours worked during any calendar week, accumulate compensatory time off under Section 659.015(f) or 659.016 to the extent that the hours are attributable to work performed at a location other than the employee's regular or temporarily assigned place of employment.

(b) An employee may accumulate compensatory time off for hours worked during any calendar week at the employee's personal residence if the employee obtains the advance approval of the administrative head of the agency for which the employee works or that person's designee.

CREDIT(S)

Added by Acts 1999, 76th Leg., ch. 279, § 12, eff. Sept. 1, 1999. Amended by Acts 2009, 81st Leg., ch. 1241, § 6, eff. June 19, 2009.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

EXHIBIT C

# Appeals Panel Decision

CONFIDENTIAL,
pursuant to: TEX. LAB. CODE ANN. §
402.083

TEXAS WORKERS' COMPENSATION COMMISSION

APPEALS PANEL NO.195

| | | |
|---|---|---|
| EDNA A. MARTINEZ<br>APPELLANT<br>ASSISTED BY AN OMBUDSMAN<br>AT THE HEARING<br>PRO SE ON APPEAL | § § § § § § § | DECISION<br>ON<br>APPEAL |
| v. | § § | FILED |
| STATE OFFICE OF RISK<br>MANAGEMENT, A SELF-INSURED<br>GOVERNMENTAL ENTITY<br>RESPONDENT<br>REPRESENTED BY:<br>NATALIE BRAMLETT | § § § § § § § | NOV 26 2001<br>DIRECTOR<br>DIVISION OF HEARINGS<br>TEXAS WORKERS'<br>COMPENSATION COMMISSION<br><br>DOCKET NO. SA-01-174797-01-CC-SA45 |

APPEAL NO. 012392

This appeal arises pursuant to the Texas Workers' Compensation Act, TEX. LAB. CODE ANN. § 401.001 et seq. (1989 Act). A contested case hearing (CCH) was held on September 20, 2001, in San Antonio, Texas, with Robert M. Richards presiding as hearing officer. The hearing officer determined that the appellant (claimant) did not sustain a compensable injury on June 9, 2001, and that the claimant did not have disability.

The claimant appealed, arguing essentially that the hearing officer erred in determining compensability and disability. The respondent (carrier) urges affirmance.

DECISION

Reversed and rendered.

It is undisputed that the claimant fell and sustained injuries while working at home on June 9, 2001. There is evidence to support the hearing officer's decision that the claimant had authority to work at home at the time. The hearing officer determined that the injuries were not compensable because an instrumentality of the employer inherent in the employment was not involved. We disagree. The claimant was in the course and scope of her employment furthering the business affairs of her employer at the time. The work

16

CONFIDENTIAL,
pursuant to: TEX. LAB. CODE ANN. §
402.083

environment at the time the claimant was injured was her home. The claimant was injured when she fell, causing her body to strike her kitchen cabinets and floor. The claimant's injuries arose out of her employment because the employment had a causal connection with her injuries either through her activities, its conditions, or its environments. *See* Garcia v. Texas Indemnity Insurance Company, 209 S.W.2d 333 (Tex. 1948).

Accordingly, we reverse the hearing officer's decision that the claimant did not sustain a compensable injury in the course and scope of employment. We render a new decision that the claimant sustained a compensable injury and that the claimant had disability from June 10, 2001, through the date of the CCH.

2

CONFIDENTIAL,
pursuant to: TEX. LAB. CODE ANN. §
402.083

The true corporate name of the insurance carrier is **STATE OFFICE OF RISK** **MANAGEMENT (a self-insured governmental entity)** and the name and address of its registered agent for service of process is as follows:

For service in person the address is:

**RON JOSSELET, EXECUTIVE DIRECTOR**
**STATE OFFICE OF RISK MANAGEMENT**
**300 W. 15TH STREET**
**WILLIAM P. CLEMENTS, JR. STATE OFFICE BUILDING, 6TH FLOOR**
**AUSTIN, TEXAS 78701.**

For service by mail the address is:

**RON JOSSELET, EXECUTIVE DIRECTOR**
**STATE OFFICE OF RISK MANAGEMENT**
**P.O. BOX 13777**
**AUSTIN, TEXAS 78711-3777.**

Robert E. Lang
Appeals Panel
Manager/Judge

CONCUR:

Thomas A. Knapp
Appeals Judge

Michael B. McShane
Appeals Judge

3

EXHIBIT D

# Contested Case Hearing Decision





Commission Use

# TEXAS
## WORKERS' COMPENSATION COMMISSION

Si prefiere hablar con una persona de habla hispana acerca de esta correspondencia o de su reclamo, sírvase llamar al 1-800-252-7031.

September 27, 2001

STATE OFFICE OF RISK MANAGEMEN
PO BOX 13777
AUSTIN, TX 78711-3777

TWCC No: 01174797
Docket No: 01174797-01-CC
Ins. Co. No: WC2025682
Employee: EDNA A. MARTINEZ
Employer: STATE OF TEXAS

C/O RON JOSSELET
BOX NBR 45

Date of
Injury:        June 9, 2001

The Hearing Officer has reached a decision and entered an order in the above referenced claim. Copies of the decision and a fact sheet explaining what to do if you want to appeal this Hearing Officer's decision or if the other party appeals the decision are attached.

To expedite the handling of requests for appeal and responses to requests for appeal, all correspondence should be addressed to the:

APPEALS CLERK, HEARINGS
TEXAS WORKERS' COMPENSATION COMMISSION
POST OFFICE BOX 40669
AUSTIN, TEXAS 78704-0012

Sincerely,

Texas Workers' Compensation Commission

9-27-01

**THIS LETTER WAS ALSO SENT TO THE FOLLOWING:**

STATE OFFICE OF RISK MANAGEMEN
PO BOX 13777
AUSTIN, TX 78711-3777

ATTORNEY AT LAW
NATALIE E. BRAMLETT
9100 SOMMERLAND WAY
AUSTIN, TX 78749-4270

**INFORMATION COPIES WERE ALSO SENT TO:**

STATE OF TEXAS
PO BOX 13777
AUSTIN, TX 78711-3777

OMBUDSMAN

21

CONFIDENTIAL
Tex. Labor Code
§ 402.083

# TEXAS WORKERS' COMPENSATION COMMISSION
## HEARINGS DIVISION
### SAN ANTONIO FIELD OFFICE
### SAN ANTONIO, TEXAS

RECEIVED

SEP 2 4 2001

TEXAS WORKERS'
COMPENSATION COMMISSION
CHIEF OF PROCEEDINGS

EDNA A. MARTINEZ,  §
  CLAIMANT  §
v.  §. DOCKET NO.
         § SA-01-174797-01-CC-SA45
STATE OFFICE OF RISK MANAGEMENT §
  SELF-INSURED  §

## DECISION AND ORDER

This case is decided under the Texas Workers' Compensation Act (the Act), Tex. Labor Code ann. §§ 410.151 -- 410.169 (Vernon 2000) and Tex. Workers' Comp. Comm'n, 28 Tex. Admin. Code §§ 142.1 -- 142.19 (West).

## STATEMENT OF THE CASE

A Benefit Review Conference was concluded on August 7, 2001 to mediate resolution of the disputed issues, but the parties were unable to reach an agreement. A Contested Case Hearing was held on September 20, 2001, with the record being closed on the same date, to decide the disputed issues:

 1. Did the Claimant sustain a compensable injury on June 9, 2001?

 2. Did the Claimant have disability; and if so, for what periods of time?

The Claimant appeared and was assisted by Margaret Cisneros, Ombudsman. The Self-Insured appeared and was represented by Natalie Bramlett, Attorney. Attending on behalf of the Employer State Agency was Richard Brooks. Also present was Jason Itkin, observing.

1

22



CONFIDENTIAL
Tex. Labor Code.
§ 402.083

## EVIDENCE PRESENTED

**Witnesses.**　　　The following witnesses testified:

For the Claimant:　　　Claimant
For the Self-Insured:　　　Richard Brooks

**Exhibits.**　　　The following exhibits were admitted (unless otherwise noted):

For the Hearing Officer:

1. Benefit Review Conference Report
2. Self-Insured Information Form

For the Claimant:

1. Hospital ER Records
2. Dr. Christie Records
3. Dr. Tippett Report
4. Diagnostic Test Results
5. Off Work Slips
6. Job Description
7. Unit Meeting Minutes, February 2001
8. Weekly Time Reports
9. Service Plan Cover Sheets, June 9, 2001
10. Court Docket, June 11-15, 2001
11. Claimant & Gonzalez Statements
12. TWCC-1 & Incident Report
13. TWCC-21
14. TWCC-41
15. Governmental Reporting
16. Therapy Evaluation

For the Self-Insured:

1. Employer Standards of Conduct
2. Unit Meeting Minutes, February 2001
3. Incident Report
4. Adjuster Interview of Claimant
5. Brooks Memo
6. Hospital ER Records
7. Diagnostic Test Results

2

23


CONFIDENTIAL
Tex. Labor Code
§ 402.083

8. Weekly Time Reports
9. Service Plan Cover Sheets, June 9, 2001

## STATEMENT OF THE EVIDENCE

As a child protective services officer, with a myriad of administrative duties beyond responding to child abuse/neglect cases, the Claimant was required to appear in and files reports in court fairly regularly to advise the judge on the update information and status of a number of child protection cases. The Claimant was scheduled to appear in court on three cases on Monday, June 11, 2001. The Saturday before, which was June 9, the Claimant began working on her "currency" reports that she would need to present to the judge that Monday. The Claimant was at home that Saturday morning, working at her kitchen table since about 7:30 a.m. to catch up on her "paperwork" to be presented Monday in court. .

About 9:00 o'clock that Saturday morning, according to the Claimant's testimony, she got up from the kitchen table to get a new pen from a kitchen drawer because her pen was not writing fluidly. She was working on her computer, and failed to explain why she needed an ink pen, other than for her signature. She walked into her kitchen to get another pen from a kitchen drawer. Because there were no witnesses, the Claimant's version of events is the only one available. She stated that as she walked into the kitchen toward the drawer, she slipped on her kitchen floor near the refrigerator. The result was that she fell forward, hit the left side of her head (face) on a cabinet beside the refrigerator, and fell to the floor. She included in her injury her head/face, left shoulder, left ankle, scraped knees, contusions to her left hip and thigh, among other related body parts. She went to the local hospital ER that morning.

On Monday morning, June 11, 2001, she reported her weekend injury to several officials in her Department, including her supervisor who appeared in court for the Claimant. She filled out a Department incident/injury report, which formed the basis of the TWCC-1. Her supervisor had to go to court for her. The Claimant was given an off-work slip by the ER doctor through June 13. Her new treating doctor, a chiropractor, took her off work June 16-24 due to injury, and continued that status to July 2, 2001. On July 12 a medical doctor took her off work for two months. The Claimant's time sheets reflected that she worked a full shift on June 14 and 18, 2001, but lost time for medical treatment and recuperation from her injury since June 11.

The facts are not in dispute, except that the Department's witness testified that the Claimant told him Monday, June 11, that she had gotten up from the table to get coffee, not a pen. His testimony was apparently the first time anyone had ever heard that, making it somewhat suspicious. Under the personal comfort doctrine, it would not have made much difference whether she was going for a pen or coffee. .

3

24



CONFIDENTIAL
Téx. Labor Code
§ 402.083

Any injury may be found to arise out of and be the course and scope of employment, without regard to occurring on the Employer's premises or somewhere else. TWCC Appeal No. 960201. But an injury that occurs at home must not be during some activity in violation of the Employer's policy. The known policy at the time was that employees should try to keep (paid) overtime hours to a minimum, as explained in February 2001. Despite the supervisor's testimony, it was quite clear that this was a fiscal, budgetary advisory from the Department, and *not* any type of ban on overtime. Only after the Claimant's injury did the supervisor try to make it an *ex post facto* ban. Earlier Appeals Panel decisions involving similar situations stresses that those claimants were doing some activity at home with the knowledge and acquiescence of their employers, especially when the employers were unable to provide a place on their premises for employees to perform such activities. TWCC Appeal No. 91111

However, the controlling line of legal precedents deal with the injury itself. The Claimant was not very positive about why she fell, other than to assume she stepped into water on the tiled kitchen floor. This left the impression that she may have had an idiopathic fall, or one caused by a substance on her kitchen floor. But slipping and falling to the floor is a risk that the Claimant shared with the general public. To have an injury arise out of employment, an employee has to be exposed to some hazard because of or inherent in the employment. Some instrumentality of the Employer is needed. That has often been held to be the floor of the Employer's offices, or a desk in the office, which caused the actually bodily harm when it was struck. TWCC Appeal No. 91111, 92211, and 931083. However, in the Claimant's case, the kitchen cabinet and the floor were not the Employer's instrumentalities causing bodily harm; they were the Claimant's cabinet and floor.

Even though not all the evidence presented was discussed, it was considered. The Findings of Fact and Conclusions of Law are based on all the evidence presented.

## FINDINGS OF FACT

1. On June 9, 2001, the Claimant was the employee of the Texas Protective and Regulatory Services Department, an agency of the State Government, the Employer, which had workers' compensation insurance through self-insurance.

2. The San Antonio Field Office of the Commission is the appropriate location for this hearing.

3. On June 9, 2001, the Claimant was furthering the business and affairs of the Employer by making a reports and service plans that she needed to present in court on June 11, 2001 as part of her normal work duties.

4



CONFIDENTIAL
Tex. Labor Code
§ 402.083

4. In the course of her work, the Claimant got up from her table to go to a drawer to get a different pen. While walking in her kitchen, the Claimant either had an idiopathic fall of unknown cause or slipped on some substance on her floor. The Claimant fell to the floor and sustained injuries to her head/face, left shoulder, left ankle, knees, left hip, and left thigh.

5. The Claimant's injury on June 9, 2001 did not involve any instrumentality of the Employer.

6. On June 9, 2001, the Claimant sustained an injury that did not arise out of nor was in the course and scope of her employment with the Employer.

7. Because of her injuries on June 9, 2001, the Claimant was unable to obtain and retain employment at wages equivalent to her pre-injury wage for the periods of June 10 through June 13, 2001 and from June 15 through 17, 2001, and again from June 19 through the present.

## CONCLUSIONS OF LAW

1. The Texas Workers' Compensation Commission has jurisdiction to hear this case, and venue was proper in the San Antonio Field Office.

2. The Claimant did not sustain a compensable injury on June 9, 2001.

3. Because she did not sustain a compensable injury, the Claimant did not have disability.

## DECISION

The Claimant did not sustain a compensable injury on June 9, 2001; and therefore did not have disability.

5

26



CONFIDENTIAL
Tex. Labor Code
§ 402.083

## ORDER

The Self-Insured is not liable for benefits, and it is **SO ORDERED**.

Signed this 24th day of September, 2001.

*Robert M. Richards*

ROBERT M. RICHARDS
HEARING OFFICER

6

27

EXHIBIT E

Case Law

Westlaw.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

▷

Court of Appeals of Texas,
San Antonio.
Josie KRUEGER, Appellant,
v.
ATASCOSA COUNTY, a Self–Insured Govern-
mental Entity, Appellee.

No. 04–04–00242–CV.
Dec. 15, 2004.

**Background:** Workers' compensation claimant
sought judicial review of decision by Workers'
Compensation Commission Appeals Panel that re-
versed award of benefits granted by hearing officer.
The 81st Judicial District Court, Atascosa County,
Donna S. Rayes, J., entered judgment in favor of
employer, and claimant appealed.

**Holdings:** The Court of Appeals, Phylis J. Speedlin
, J., held that:
(1) claimant's failure to appeal adverse ruling by
hearing officer that employer had not waived its
right to contest compensability of claimant's injury
to Appeals Panel precluded claimant from raising
claim on judicial review, and
(2) claimant's injury was not compensable.

Affirmed.

West Headnotes

**[1] Workers' Compensation 413 ⬤⟶1847**

413 Workers' Compensation
   413XVI Proceedings to Secure Compensation
      413XVI(T) Review by Court
         413XVI(T)5 Presentation and Reservation
Below of Grounds of Review
           413k1845 Necessity
              413k1847 k. Theory of claim or de-
fense. Most Cited Cases
   Claimant's failure to appeal to Workers' Com-
pensation Commission Appeals Panel adverse rul-

ing by hearing officer that employer had not waived
its right to contest compensability of claimant's in-
jury precluded claimant from raising claim before
trial court on judicial review. V.T.C.A., Labor Code
§ 410.302.

**[2] Statutes 361 ⬤⟶1111**

361 Statutes
   361III Construction
      361III(C) Clarity and Ambiguity; Multiple
Meanings
         361k1107 Absence of Ambiguity; Applic-
ation of Clear or Unambiguous Statute or Language
           361k1111 k. Plain language; plain, or-
dinary, common, or literal meaning. Most Cited
Cases
   (Formerly 361k188)
   When the statutory language is unambiguous,
the reviewing court adopts the interpretation sup-
ported by the plain and common meaning of the
statute's words.

**[3] Workers' Compensation 413 ⬤⟶1846**

413 Workers' Compensation
   413XVI Proceedings to Secure Compensation
      413XVI(T) Review by Court
         413XVI(T)5 Presentation and Reservation
Below of Grounds of Review
           413k1845 Necessity
              413k1846 k. In general. Most Cited
Cases
   A party in a workers' compensation case may
not raise an issue in the trial court which was not
raised before the Workers' Compensation Commis-
sion Appeals Panel; this applies equally to
claimants and insurance carriers, and restricts judi-
cial review to issues raised before the Appeals Pan-
el regardless of which party initiates the appeal.
V.T.C.A., Labor Code § 410.302.

**[4] Workers' Compensation 413 ⬤⟶1846**

413 Workers' Compensation

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

413XVI Proceedings to Secure Compensation
413XVI(T) Review by Court
413XVI(T)5 Presentation and Reservation Below of Grounds of Review
413k1845 Necessity
413k1846 k. In general. Most Cited Cases
There is no "good cause" exception that would permit expansion of the scope of judicial review of a workers' compensation case and allow consideration of an issue that was not decided by the Workers' Compensation Commission Appeals Panel. V.T.C.A., Labor Code § 410.302.

**[5] Workers' Compensation 413 €➡1940**

413 Workers' Compensation
413XVI Proceedings to Secure Compensation
413XVI(T) Review by Court
413XVI(T)12A Questions of Law or Fact, Findings, and Verdict
413k1940 k. Review of court's decision in action for compensation. Most Cited Cases
District court summary judgment orders in workers' compensation cases are reviewed under traditional summary judgment standards.

**[6] Appeal and Error 30 €➡856(1)**

30 Appeal and Error
30XVI Review
30XVI(A) Scope, Standards, and Extent, in General
30k851 Theory and Grounds of Decision of Lower Court
30k856 Grounds for Sustaining Decision Not Considered
30k856(1) k. In general. Most Cited Cases
When the appellant does not expressly challenge every ground stated in the motion for summary judgment by specific points of error, or a broad issue, the summary judgment must be affirmed if there is an unchallenged ground upon which the trial court could have based the summary judgment.

**[7] Appeal and Error 30 €➡856(1)**

30 Appeal and Error
30XVI Review
30XVI(A) Scope, Standards, and Extent, in General
30k851 Theory and Grounds of Decision of Lower Court
30k856 Grounds for Sustaining Decision Not Considered
30k856(1) k. In general. Most Cited Cases
Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground.

**[8] Workers' Compensation 413 €➡1199.9**

413 Workers' Compensation
413XVI Proceedings to Secure Compensation
413XVI(D) Time for Institution of Proceedings, and Limitations
413XVI(D)2 Computation, Tolling, and Accrual
413k1199.9 k. Date of injury or disability in general. Most Cited Cases
(Formerly 413k1279)

**Workers' Compensation 413 €➡1199.12**

413 Workers' Compensation
413XVI Proceedings to Secure Compensation
413XVI(D) Time for Institution of Proceedings, and Limitations
413XVI(D)2 Computation, Tolling, and Accrual
413k1199.12 k. Excusing delay in instituting proceedings in general. Most Cited Cases
(Formerly 413k1283)
Claimant's work-related injury was not compensable, where she filed claim more than one-year after injury occurred, and failed to show that she

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

had good cause for failure to file her claim prior to expiration of one-year limitations period. V.T.C.A., Labor Code §§ 409.003, 409.004.

[9] Workers' Compensation 413 ⚷➔1199.15

413 Workers' Compensation
    413XVI Proceedings to Secure Compensation
        413XVI(D) Time for Institution of Proceedings, and Limitations
            413XVI(D)2 Computation, Tolling, and Accrual
                413k1199.15 k. Knowledge or ignorance of law or facts. Most Cited Cases
    (Formerly 413k1297)
    Ignorance of the requirements of workers' compensation law does not constitute good cause for failing to timely file a claim. V.T.C.A., Labor Code §§ 409.003, 409.004.

[10] Workers' Compensation 413 ⚷➔1199.12

413 Workers' Compensation
    413XVI Proceedings to Secure Compensation
        413XVI(D) Time for Institution of Proceedings, and Limitations
            413XVI(D)2 Computation, Tolling, and Accrual
                413k1199.12 k. Excusing delay in instituting proceedings in general. Most Cited Cases
    (Formerly 413k1283)
    Good cause for the failure to file a timely workers' compensation claim must continue until the date the claim was actually filed, in order to be entitled to compensation. V.T.C.A., Labor Code §§ 409.003, 409.004.

*616 Alan D. Tysinger, Miller & Tysinger, P.C., San Antonio, for appellant.

Deborah H. Loomis, Michael Shaunessy, Shaunessy, Burnett & Greenberg, P.C., Austin, for appellee.

Sitting: KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN

, Justice.

### OPINION
Opinion by PHYLIS J. SPEEDLIN, Justice.
    Josie Krueger appeals the trial court's summary judgment granted in favor of her employer, Atascosa County, denying her claim for worker's compensation benefits. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND
    The underlying facts and relevant dates are not disputed by the parties. Appellant Josie Krueger was employed as a dispatcher with the Atascosa County Sheriff's department for nine years. On October 12, 1999, she dispatched several deputies and a state trooper to investigate a domestic violence report. The sheriff's deputies and state trooper were ambushed and three were killed at the scene. Krueger heard part of the violence over an open cell phone line. She remained at her post and dealt with the situation from approximately 8:00 p.m. until her shift ended at 8:00 a.m. Krueger knew the officers who were killed and their families. After the incident, she suffered severe anxiety and depression, with difficulty sleeping and nightmares. She was diagnosed with post-traumatic stress disorder by a licensed professional counselor and a psychiatrist; however, she did not miss any days of work due to her psychological condition. Krueger resigned from the sheriff's department on March 31, 2001.

    On March 28, 2001, Krueger filed a claim for worker's compensation benefits and Atascosa County filed an employer's report of injury.[FN1] Nine days later, on April 6, 2001, the Fund filed a notice of refused/disputed claim. [FN2] Krueger then filed her claim with the Texas Workers' Compensation Commission ("TWCC") on June 19, 2001. A contested case hearing was held on November 27, 2001, before a TWCC hearing officer. The Fund argued Krueger failed to timely notify her employer of her injury, failed to file her claim within one year and did not suffer a compensable injury or dis-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

ability. Krueger asserted at the hearing that the Fund had waived its right to contest compensability of her injury because its notice of dispute *617 was filed outside the seven-day period prescribed by § 409.021(a) of the Texas Labor Code.[FN3] On December 12, 2001, the hearing officer rendered a decision finding Krueger had sustained a compensable mental trauma injury and had suffered a disability, and ordering the Fund to pay medical and income benefits. The hearing officer found that Krueger timely notified her employer of the injury [FN4] and timely filed her claim because the one-year period was tolled by her employer's delay in filing its report of injury until March 28, 2001. The hearing officer also found, however, that the Fund had not waived its right to contest compensability of the injury.

> FN1. Appellee Atascosa County is a self-insured governmental entity that provides worker's compensation insurance to its employees through the Texas Association of Counties Workers' Compensation Self–Insurance Fund (the "Fund"). Atascosa County was represented by the Fund in the administrative proceedings and trial court, and continues to be represented by the Fund on appeal.

> FN2. The record contains some evidence that Krueger was paid worker's compensation benefits from April 1, 2001, to March 16, 2002. The initiation of payments by an insurance carrier does not affect its right to continue to investigate or deny the compensability of an injury during the 60–day period after notification of the injury. TEX. LAB.CODE ANN. § 409.021(c) (Vernon Supp. 2004–05).

> FN3. Krueger's waiver argument pre-dated the Texas Supreme Court's opinion in *Continental Casualty v. Downs,* but is based on the same principle that an insurance carrier's failure to begin paying benefits, or give written notice of refusal to pay, within

the seven-day period prescribed by Section 409.021(a) of the Texas Labor Code results in a forfeiture of the carrier's right to contest compensability of the employee's injury. *See* TEX. LAB.CODE ANN. § 409.021(a) (Vernon 1996); *see also Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 804 (Tex.2002). The parties refer to Krueger's waiver argument as a *Downs* waiver issue, and we adopt that reference for purposes of consistency.

> FN4. The hearing officer found Krueger timely notified her employer of her injury based on evidence that she informed a supervisor on October 25, 1999, that she was "having problems due to the October 12, 1999, incident."

The Fund appealed the hearing officer's decision to the TWCC Appeals Panel, presenting the same issues with regard to compensability that it raised in the contested case hearing. Krueger, who was not represented by an attorney, did not file a response to the Fund's appeal or pursue her own appeal from the adverse ruling on *Downs* waiver. In a decision issued on March 4, 2002, the Appeals Panel affirmed the hearing officer's findings that Krueger had sustained a compensable mental trauma injury and had timely notified her employer of her injury. However, the Appeals Panel reversed the hearing officer's determination that Krueger's injury was compensable, finding that she failed to timely file her claim within one year of the injury. The panel further found no evidence of good cause for her failure to timely file the claim. Having determined there was no compensable injury, the panel concluded there could be no disability, and reversed the award of benefits.

On April 15, 2002, Krueger filed a petition in district court seeking judicial review of the decision by the TWCC Appeals Panel.[FN5] Krueger asserted her *Downs* waiver argument in her original petition, contending that the Fund had waived its right to contest compensability of her injury by not filing its

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

32

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

Page 5

notice of dispute within seven days in violation of Sections 409.021 and 409.022 of the Texas Labor Code. TEX. LAB.CODE ANN. §§ 409.021 –.022 (Vernon 1996). Cross motions for summary judgment were filed. Krueger moved for a partial summary judgment on the basis of her *Downs* waiver argument. The Fund's motion for summary judgment asserted the facts were undisputed that Krueger did not timely notify her employer of her injury, did not file her claim within one year of the injury, did not establish good cause to excuse the delay, and did not sustain an actual injury. The Fund also argued Krueger was barred from raising the *Downs* waiver issue in the trial court because she did not raise the *618 issue before the TWCC Appeals Panel. In a judgment signed January 13, 2004, the trial court granted the Fund's motion for summary judgment, denied Krueger's motion for summary judgment, and denied her claim for benefits.

> FN5. The parties agreed that the trial court would decide the case based on the administrative record from the TWCC. The record contains an incomplete transcript of the TWCC case hearing due to a defective audio tape. Accordingly, we review the trial court's judgment based on the record that is before us.

## ANALYSIS

On appeal, Krueger raises two issues: (1) whether her *Downs* issue of whether the Fund waived its right to contest compensability of her claim was barred on judicial review; and (2) whether summary judgment was improper because there is a genuine issue of material fact on the element of disability. Krueger asserts she was not barred from raising the *Downs* waiver issue on judicial review because it was presented during the TWCC administrative process, and the issue of waiver was interrelated with the issue of compensability. The Fund responds that because Krueger did not present the issue of *Downs* waiver to the TWCC Appeals Panel, she did not preserve her right to assert the

waiver issue in the trial court. It argues this case is controlled by our prior decision in *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63 (Tex.App.-San Antonio 2003, pet. filed). The Fund also asserts the summary judgment must be affirmed because there is no disputed fact issue that Krueger did not timely notify her employer of her injury, did not timely file her claim within one year, and did not suffer a compensable injury or disability; alternatively, the Fund argues that Krueger did not sustain an actual injury. We will address each of Krueger's two issues.

## PRESERVATION OF WAIVER ISSUE FOR JUDICIAL REVIEW

[1] The first issue presented by Krueger is whether she was barred from raising her *Downs* waiver issue on judicial review because she did not present the issue to the TWCC Appeals Panel.[FN6] The broader issue is whether a workers' compensation claimant who obtains a favorable result at the TWCC case hearing, *i.e.*, an award of benefits, but against whom an adverse ruling is made, must present that adverse ruling to the TWCC Appeals Panel in order to preserve the right to raise the issue on judicial review.

> FN6. The judgment does not specify whether Krueger's summary judgment motion was denied because the court found she was barred from raising the *Downs* waiver issue, or because there was a disputed fact question on the *Downs* waiver issue. As noted, the record contains some evidence that the Fund began paying Krueger benefits within the seven-day period prescribed by § 409.021(a); therefore, the court could have found there was a genuine issue of material fact on the waiver issue which precluded granting Krueger's summary judgment motion. However, the Fund did not argue there was a contested fact issue on waiver in its response to her summary judgment motion, and that argument is not preserved or

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

33

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

presented on appeal. *See* TEX.R. CIV. P. 166a(c); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986).

The Fund argues that the plain language of § 410.302 of the Texas Labor Code and our prior opinion in *Hefley* require us to hold Krueger waived the *Downs* issue by failing to raise it before the TWCC Appeals Panel. Krueger contends *Hefley* is distinguishable because she exhausted her administrative remedies by raising the waiver issue at the TWCC contested case hearing, and did not raise it for the first time on judicial review. Krueger further asserts it is not logical or fair to require a *pro se* claimant to appeal from a favorable decision merely to preserve an issue for potential later review.

[2] The language of section 410.302 is plain and unambiguous:

A trial under this subchapter is limited to issues decided by the commission appeals*619 panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.

TEX. LAB.CODE ANN. § 410.302 (Vernon 1996). Statutory construction issues are legal questions reviewed *de novo. Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). When the statutory language is unambiguous, the reviewing court adopts the interpretation supported by the plain and common meaning of the statute's words. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000). The language of § 410.302 must be given its plain meaning, which is that judicial review is limited to issues "decided by" the TWCC Appeals Panel.

[3] The cases interpreting § 410.302 hold that a party may not raise an issue in the trial court which was not raised before the TWCC Appeals Panel. In *Hefley*, this court held the trial court did not err in striking a claimant's allegation of *Downs* waiver where it was undisputed that the TWCC Appeals

Panel did not decide the issue. *Hefley*, 131 S.W.3d at 65 (holding Hefley's failure to exercise his right to raise the waiver issue before the Appeals Panel precluded him from raising it for the first time in the trial court); *see also, e.g., St. Paul Ins. Co. v. Mefford*, 994 S.W.2d 715, 719–20 (Tex.App.-Dallas 1999, pet. denied) (holding carrier's failure to raise its right to re-open compensability issue before Appeals Panel precluded trial court from considering issue on judicial review). The statute applies equally to claimants and insurance carriers, and restricts judicial review to issues raised before the TWCC Appeals Panel regardless of which party initiates the appeal. In *TIG Premier Ins. Co. v. Pemberton*, the court held the workers' compensation claimant forfeited his right to challenge the case hearing officer's finding of no causal relationship because he did not raise the issue with the Appeals Panel, even though the insurance carrier was the party who appealed. *TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex.App.-Waco 2003, pet. denied) (finding claimant failed to exhaust administrative remedies). Similarly, in *Trinity Universal Ins. Co. v. Berryhill*, the court held a claimant could not raise a *Downs* waiver argument for the first time in the trial court because the issue had not been presented to the TWCC Appeals Panel considering the carrier's appeal of the benefits award. *Trinity Universal Ins. Co. v. Berryhill*, No. 14–03–00629–CV, 2004 WL 744417, at * 3 (Tex.App.-Houston [14th Dist.] Apr. 8, 2004, no pet.).

We empathize with the position of an unrepresented claimant who receives an award of benefits, along with an adverse ruling on a related issue, and must determine how to protect that award on appeal. The statute is clear, however, that the issue on which either party seeks judicial review must have been "decided by" the TWCC Appeals Panel. *See* TEX. LAB.CODE ANN. § 410.302. Here, the Appeals Panel's own decision clearly states that it did not consider the *Downs* waiver issue. The panel's decision expressly states, "the determination that [the] carrier did not waive the right to contest com-

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

pensability has not been appealed." The panel's decision further notes that Krueger did not file a response to the appeal. *See* TEX. LAB.CODE ANN. § 410.202(b) (Vernon Supp. 2004–05) ("[t]he respondent shall file a written response with the appeals panel ..."). Therefore, even though Krueger did raise the *Downs* waiver issue during the TWCC administrative process, because she did not present the issue to the TWCC Appeals Panel, either through a direct appeal or a response to the Fund's appeal, she is *620 precluded from raising the issue in the trial court.[FN7]

> FN7. The Fund raises a related argument that the hearing officer's finding of no *Downs* waiver became final when it was not appealed to the TWCC Appeals Panel, and is therefore res judicata under § 410.169 of the Texas Labor Code. *See* TEX. LAB.CODE ANN. § 410.169 (Vernon 1996) ("[a] decision of a hearing officer regarding benefits is final in the absence of a timely appeal ..."). Krueger asserts the finding of no waiver was not a decision "regarding benefits." In view of our conclusion that Krueger forfeited her right to raise the *Downs* issue by failing to raise it before the Appeals Panel, we need not address the Fund's argument on this point.

[4] Finally, we agree with the Houston Court of Appeals, Fourteenth District, that we may not read a "good cause" exception into § 410.302 that would permit expansion of the scope of judicial review and allow consideration of an issue that was not decided by the TWCC Appeals Panel. *See Berryhill,* 2004 WL 744417 at * 3; *see also ESIS, Inc., Servicing Contractor v. Johnson,* 908 S.W.2d 554, 562 (Tex.App.-Fort Worth 1995, writ denied) (interpreting § 410.302 and holding "[t]here is no provision in the Act authorizing the trial court to enlarge this scope of review by considering issues, or evidence probative of issues, that were not determined by the commission appeals panel"). Accordingly, Krueger's first issue is overruled.

**SUMMARY JUDGMENT**

The second issue presented by Krueger is whether the trial court erred in granting the Fund's summary judgment motion because there was a genuine issue of material fact on the element of disability. For the reasons set forth below, we disagree.

In the trial court, Krueger moved for partial summary judgment on compensability of her injury, asserting that under *Downs* the Fund had waived its right to contest compensability of her injury by failing to timely file its notice of refusal; her motion was denied. The Fund also moved for summary judgment on the compensability of Krueger's injury, arguing the facts were undisputed that Krueger did not timely notify her employer of the injury, did not file her claim within one year of the injury and did not establish good cause to excuse the delay; the Fund alternatively argued that Krueger did not sustain an actual injury. The Fund's motion was granted, but the court did not specify the ground upon which summary judgment was granted. On appeal, Krueger only challenges the summary judgment as improper on one ground—because there was a fact issue on the element of disability. She does not address the other grounds upon which summary judgment could have been granted.

[5] We review a trial court's summary judgment ruling *de novo. Estate of Arlitt v. Paterson,* 995 S.W.2d 713, 717 (Tex.App.-San Antonio 1999, pet. denied). District court summary judgment orders in worker's compensation cases are reviewed under traditional summary judgment standards. *Texas Workers' Comp. Ins. Fund v. Simon,* 980 S.W.2d 730, 733 (Tex.App.-San Antonio 1998, no pet.). The movant for a traditional summary judgment must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on a ground expressly set forth in the motion. TEX.R. CIV. P. 166a(c); *see Simon,* 980 S.W.2d at 733 (citing *Nixon v. Mr. Prop. Mgmt. Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985)).

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

155 S.W.3d 614
(Cite as: 155 S.W.3d 614)

When reviewing a summary judgment, we take all evidence favorable to the non-movant as true. *Nixon,* 690 S.W.2d at 548–49. If the movant establishes its right to summary judgment as a matter of law, the burden then shifts to the non-movant *621 to raise fact issues that would preclude summary judgment. *Simon,* 980 S.W.2d at 733 (citing *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979)).

[6][7] In granting summary judgment, the trial court is limited to the specific grounds set forth in the motion. *City of Houston,* 589 S.W.2d at 677. If the judgment does not specify the ground relied upon for granting summary judgment, the judgment must be affirmed if any of the grounds in the motion have merit. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001). An appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). When the appellant does not expressly challenge every ground stated in the motion for summary judgment by specific points of error, or a broad issue, the summary judgment must be affirmed if there is an unchallenged ground upon which the trial court could have based the summary judgment. *Id.; see also Fetty v. Miller,* 905 S.W.2d 296, 299 (Tex.App.-San Antonio 1995, writ denied). Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground. *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804–05 (Tex.App.-Beaumont 1990, no writ).

[8] Krueger only challenges the summary judgment on the basis that there is a fact question as to whether she had a disability. Within the Texas Worker's Compensation Act, the term "disability" is defined as "the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage." TEX. LAB.CODE ANN. § 401.011(16) (Vernon Supp.

2004–05). Thus, a disability is dependent on the existence of a compensable injury. A "compensable injury" is "an injury that arises out of and in the course and scope of employment for which compensation is payable under this subtitle." TEX. LAB.CODE ANN. § 401.011(10) (Vernon Supp. 2004–05). A benefit is payable for a job-related injury only if a claim is timely filed within one year of the injury, unless good cause exists for a delay in filing the claim. *See* TEX. LAB.CODE ANN. §§ 409.003 –.004 (Vernon 1996). Section 409.004 provides that the employer and its insurance carrier are relieved of liability under the act if the claim is not filed within one year, absent good cause. TEX. LAB.CODE ANN. § 409.004.

[9][10] Here, it is undisputed that Krueger's injury occurred on October 12, 1999; thus, to be timely, her claim had to be filed no later than October 11, 2000. It is similarly undisputed that Krueger filed her claim on June 19, 2001, well after the one-year period expired. Therefore, Krueger's claim is time-barred and summary judgment was proper because she does not have a "compensable injury," unless she raised a fact issue as to whether she had good cause for the delay in filing her claim. *See* TEX. LAB.CODE ANN. § 409.004; *see Lee v. Houston Fire & Cas. Ins. Co.,* 530 S.W.2d 294, 295–96 (Tex.1975). Krueger presented no evidence of "good cause" to excuse the delay in filing her claim; in fact, she admitted the delay was due to her ignorance of workers' compensation law. Ignorance of the requirements of Texas workers' compensation law does not constitute good cause for failing to timely file a claim. *Id.* at 297 (ignorance of time period for filing claim will not excuse delay); *see also Allstate Ins. Co. v. King,* 444 S.W.2d 602, 605 (Tex.1969). In addition, good cause must continue until the date the claim was actually filed. *Lee,* 530 S.W.2d at 296. Krueger *622 admitted she became aware of the workers' compensation law two months before her claim was filed; therefore, even if ignorance of the law could be good cause, it would not have continued until the date her claim was filed.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

36

155 S.W.3d 614
**(Cite as: 155 S.W.3d 614)**

Because the evidence is undisputed that Krueger did not file her claim within one year of the injury, and did not have good cause to excuse the delay, she did not have a compensable injury. Without a compensable injury, there can be no fact question as to disability. Krueger's second issue is overruled. Because we affirm the trial court's summary judgment on this basis, we do not address the remaining alternative grounds for summary judgment. *Villanueva v. Gonzalez,* 123 S.W.3d 461, 467 (Tex.App.-San Antonio 2003, no pet.).

Based on the foregoing reasons, we affirm the trial court's judgment.

Tex.App.–San Antonio,2004.
Krueger v. Atascosa County
155 S.W.3d 614

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Date of Printing: Jan 31, 2015

KEYCITE

▷ Krueger v. Atascosa County, 155 S.W.3d 614 (Tex.App.-San Antonio, Dec 15, 2004) (NO. 04-04-00242-CV)

History

Direct History

1 Josie KRUEGER, Plaintiff, v. ATASCOSA COUNTY, a Self Insured Governmental Entity, Defendant., 2004 WL 5025217 (Trial Order) (Tex.Dist. Jan 13, 2004) (NO. 02-04-0271CVA)
*Judgment Affirmed by*

=> 2 Krueger v. Atascosa County, 155 S.W.3d 614 (Tex.App.-San Antonio Dec 15, 2004) (NO. 04-04-00242-CV)

Negative Citing References (U.S.A.)

*Distinguished by*

3 In re Metropolitan Transit Authority, 334 S.W.3d 806 (Tex.App.-Hous. (1 Dist.) Jan 03, 2011) (NO. 01-10-00752-CV), rehearing and rehearing en banc denied (Feb 28, 2011), mandamus denied (Apr 29, 2011) ✶ ✶ HN: 1,3 (S.W.3d)

4 Zurich American Ins. Co. v. Debose, 2014 WL 3512769 (Tex.App.-Hous. (1 Dist.) Jul 15, 2014) (NO. 01-13-00344-CV), rule 53.7(f) motion granted (Jan 22, 2015) ✶ ✶ ✶ HN: 1 (S.W.3d)

© 2015 Thomson Reuters. All rights reserved.

88

Westlaw.

131 S.W.3d 63
(Cite as: 131 S.W.3d 63)

▷

Court of Appeals of Texas,
San Antonio.
Ian HEFLEY, Appellant,
v.
SENTRY INSURANCE CO., Appellee.

No. 04–02–00881–CV.
Nov. 26, 2003.
Rehearing Overruled March 15, 2004.

**Background:** After Workers' Compensation Commission Appeals Panel denied benefits of back injury, claimant filed petition for review. The 224th Judicial District Court, Bexar County, David Peeples, J., struck claimant's pleading that claimed employer failed to timely dispute his injury. Claimant and employer appealed.

**Holding:** The Court of Appeals, Phylis J. Speedlin, J., held that: trial court did not err in striking claimant's allegation that employer's failure to timely dispute claimant's injury waived employer's right to contest its compensability.

Affirmed.

West Headnotes

**[1] Pleading 302 ☞38.5**

302 Pleading
  302II Declaration, Complaint, Petition, or Statement
    302k38.5 k. Nature and office. Most Cited Cases

**Pleading 302 ☞228.14**

302 Pleading
  302V Demurrer or Exception
    302k228.14 k. Special exceptions. Most Cited Cases
    Purpose of plaintiff's petition is to inform court and defendant of what its contentions will be at trial, while purpose of special exceptions is to force clarification and specification in pleadings.

**[2] Pleading 302 ☞228.23**

302 Pleading
  302V Demurrer or Exception
    302k228.23 k. Determination and operation and effect thereof. Most Cited Cases
    If trial court sustains special exceptions and requires party to replead, litigant must obey order and file curative amendment or suffer consequences of dismissal.

**[3] Appeal and Error 30 ☞960(1)**

30 Appeal and Error
  30XVI Review
    30XVI(H) Discretion of Lower Court
      30k960 Rulings on Motions Relating to Pleadings
        30k960(1) k. In general. Most Cited Cases

**Pleading 302 ☞228.14**

302 Pleading
  302V Demurrer or Exception
    302k228.14 k. Special exceptions. Most Cited Cases
    Trial court has broad discretion in granting special exceptions, and appellate court will not disturb that ruling absent abuse of discretion.

**[4] Appeal and Error 30 ☞946**

30 Appeal and Error
  30XVI Review
    30XVI(H) Discretion of Lower Court
      30k944 Power to Review
        30k946 k. Abuse of discretion. Most Cited Cases
    Test for abuse of discretion is not whether, in appellate court's opinion, facts present proper case

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

131 S.W.3d 63
(Cite as: 131 S.W.3d 63)

for trial court's action, but whether trial court acted without reference to any guiding rules or principles.

**[5] Workers' Compensation 413 ⚖1847**

413 Workers' Compensation
    413XVI Proceedings to Secure Compensation
        413XVI(T) Review by Court
            413XVI(T)5 Presentation and Reservation Below of Grounds of Review
                413k1845 Necessity
                    413k1847 k. Theory of claim or defense. Most Cited Cases

Trial court did not err in striking workers' compensation claimant's allegation that employer's failure to timely dispute claimant's injury waived employer's right to contest its compensability, where it was undisputed that Workers' Compensation Commission Appeals Panel did not decide such claim V.T.C.A., Labor Code §§ 409.021, 410.302.

**\*64** From the 224th Judicial District Court, Bexar County, David Peeples, Judge.[FN1]

> FN1. The Honorable David Peeples, judge of the 224th Judicial District Court, Bexar County, Texas presided over the trial of this matter. The Honorable Pat Boone, judge of the 57th Judicial District Court, however, granted the special exceptions at issue in this appeal.

Kevin B. Miller, Law Offices of Miller & Associates, and Alan D. Tysinger, Miller & Tysinger, P.C., San Antonio, for Appellant.

William J. Gamble, Torres, Gamble & Schuchart, P.C., Castroville, for Appllee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

**OPINION**
PHYLIS J. SPEEDLIN, Justice.

Ian Hefley ("Hefley") appealed the decision of the Texas Workers' Compensation Commission Appeals Panel by filing suit in district court. Prior to trial, Sentry Insurance Co. ("Sentry") filed special exceptions to portions of Hefley's pleadings. Ultimately, the trial court struck Hefley's pleadings that claimed Sentry failed to timely dispute his injury under section 409.021 of the Texas Labor Code. Hefley now appeals the trial court's order. We affirm.

**BACKGROUND**
On June 26, 2000, while employed as an assistant manager for a grocery store, Hefley allegedly suffered a lower back injury while lifting boxes. Seeking compensation for his injury, Hefley filed a claim with Sentry on July 24, 2000, which was denied nine days later on August 2, 2000. Upon the denial of his claim, he requested a Benefit Review Conference from the Texas Workers' Compensation Commission ("TWCC"). After the conference, and at the recommendation of the investigating officer, a contested case hearing was held on January 18, 2001. The initial determination was that Hefley did not sustain a compensable injury or disability that arose out of this employment. Hefley appealed the decision to the TWCC Appeals Panel, which reached similar findings as to his injury.

On May 21, 2002, Hefley filed a petition in district court to set aside the decision of the TWCC Appeals Panel. Hefley subsequently amended his original petition to allege for the first time that Sentry had failed to timely dispute his injury. Sentry responded by filing special exceptions asserting Hefley failed to allege a proper cause of action within the limited waiver provision of section 410.302 of the Texas Labor Code. Alternatively, Sentry moved to dismiss for want of jurisdiction in the event it was determined Hefley did not limit his pleadings to the issues presented to the TWCC. The trial court subsequently granted Sentry's special exceptions while denying its plea to the jurisdiction.

In his second amended petition, Hefley again raised Sentry's failure to timely dispute his injury

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

131 S.W.3d 63
(Cite as: 131 S.W.3d 63)

within the confines of sections 409.021 and 409.022. Furthermore, he stated that the TWCC refused to recognize this Court's holding in *Downs v. Cont'l. Cas. Co.,* 32 S.W.3d 260 (Tex.App.-San Antonio 2000), *aff'd,* 81 S.W.3d 803 (Tex.2002), determining that a carrier which fails to dispute a claim within a seven-day period after receiving notice of an injury automatically defaults its right to contest compensability as a matter of law.

Upon reviewing his second amended petition, the trial court struck the waiver *65 provision alleged in Hefley's pleadings. Additionally, the trial court denied Sentry's motion for reconsideration as to lack of jurisdiction. The case went to the jury which ultimately determined that Hefley did not sustain a work-related injury or disability as a result of the occurrence on June 26, 2000. Subsequently, both Hefley and Sentry filed notices of appeal.

### STANDARD OF REVIEW

[1][2] The purpose of the plaintiff's petition is to inform the court and the defendant of what its contentions will be at trial, while the purpose of special exceptions is to force clarification and specification in the pleadings, when they are not clear or sufficiently specific. *See Portugal v. Jackson,* 647 S.W.2d 393, 394 (Tex.App.-Waco 1983, writ ref'd n.r.e.). If the trial court sustains special exceptions and requires a party to replead, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal. *See id.*

[3][4] The trial court has broad discretion in granting special exceptions, and an appellate court will not disturb that ruling absent an abuse of discretion. *See J.M. Huber Corp. v. Santa Fe Energy Resources, Inc.,* 871 S.W.2d 842, 844 (Tex.App.-Houston [14th Dist.] 1994, no writ). The test for abuse of discretion is not whether, in the reviewing court's opinion, the facts present a proper case for the trial court's action. Rather, the question is whether the trial court acted without reference to any guiding rules or principles. *See Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997). The party challenging the decision must establish that

both the facts and the law permit the trial court to make only one decision. *See id.*

### ANALYSIS

[5] In one issue, Hefley argues that the trial court erred in striking Hefley's waiver allegations. We disagree. "Judicial review of a final decision of a commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by [subchapter G]." TEX. LAB.CODE ANN. § 410.301 (Vernon 1996). "A trial under [subchapter G] is limited to issues decided by the commission appeals panel and on which judicial review is sought." *Id.* at § 410.302.

It is undisputed that the TWCC appeals panel did not decide whether Sentry's failure to comply with section 409.021 waived his right to contest compensability. Therefore, this issue was beyond the permissible scope of trial under the express terms of section 410.302. *Id.* Accordingly, the trial court did not err in striking Hefley's waiver allegations.

Hefley asserts on appeal that he should be excused from the application of section 410.302 because the TWCC, by way of Advisory 2000–07, was refusing to follow this Court's decision in *Downs v. Continental Casualty Co.* In his reading of Advisory 2000–07, Hefley misinterprets the significance of the opinion. It states:

On August 16, 2000, the 4th Court of Appeals in San Antonio issued a revised decision in the case of *Downs v. Continental Casualty Co.,* Cause No. 04–99–00111–CV. That decision held a "carrier waives its right to deny compensability if it fails to comply with section 409.021(a) of the Texas Labor Code by either agreeing to begin payment of benefits or giving notice of its refusal to pay within seven days after receiving written notice of an injury." The Commission understands that the decision has not become final as of this date and that further requests for review of that *66 decision will be

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

131 S.W.3d 63
(Cite as: 131 S.W.3d 63)

made by one or more of the parties to that case.

After consultation with the Office of the Attorney General in light of § 410.205(b) of the Texas Labor Code, the Commission understands that the August 16th decision in the *Downs* case should not be considered as precedent at least until it becomes final upon completion of the judicial process ...

The TWCC was not, as Hefley states, refusing "to follow and apply the law." Rather it was acknowledging the law regarding finality of judgments. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984). Advisory 2000–07 simply states that *Downs* had not been finalized, and therefore, its precedential value would be limited until the judicial process had been completed. Thus, it was not a departure from the law which deprived Hefley of an administrative remedy or made his administrative remedy inadequate. Rather, Hefley failed to *exercise* a right. By failing to do so, however, he is precluded from doing so for the first time in the trial court.

## CONCLUSION

Because we conclude the trial court did not abuse its discretion in granting Sentry's special exceptions, we need not address Sentry's alternative argument.

Tex.App.–San Antonio,2003.
Hefley v. Sentry Ins. Co.
131 S.W.3d 63

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Date of Printing: Jan 31, 2015

**KEYCITE**

▷ Hefley v. Sentry Ins. Co., 131 S.W.3d 63 (Tex.App.-San Antonio, Nov 26, 2003) (NO. 04-02-00881-CV)
**History**
**Direct History**

=>    1 **Hefley v. Sentry Ins. Co.**, 131 S.W.3d 63 (Tex.App.-San Antonio Nov 26, 2003) (NO. 04-02-00881-CV), rehearing overruled (Mar 15, 2004), review denied (Dec 03, 2004), rehearing of petition for review denied (Feb 25, 2005)

**Negative Citing References (U.S.A.)**

*Distinguished by*

2 Gallien v. Washington Mut. Home Loans, Inc., 209 S.W.3d 856 (Tex.App.-Texarkana Dec 08, 2006) (NO. 06-05-00090-CV) ✶ ✶ **HN: 2 (S.W.3d)**

© 2015 Thomson Reuters. All rights reserved.

EXHIBIT F

# Defendant's Second Motion
# for Final Summary Judgment



## CAUSE NO. 2001-CI-17102

| | | |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | 37th JUDICIAL DISTRICT |
| | § | |
| EDNA A. MARTINEZ | § | BEXAR COUNTY, TEXAS |

### DEFENDANT'S SECOND MOTION FOR FINAL SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Now Comes Defendant, Edna A. Martinez, and files this Second Motion for Final Summary Judgment, and in support thereof would show:

#### I.

#### Preliminary Statement

This is a workers' compensation case. Plaintiff, the State Office of Risk Management (SORM), brought this suit seeking to overturn a final decision of the Texas Department of Insurance-Division of Workers' Compensation (formerly the Texas Workers' Compensation Commission) that Defendant, Edna A. Martinez (Martinez), sustained a compensable injury and disability. However, because SORM did not appeal the hearing officer's findings that Martinez sustained an injury in the course and scope of employment that resulted in disability, they are final and binding and not subject to judicial review. Further, the unappealed findings conclusively establish a compensable injury and disability. Therefore, SORM cannot prevail in this case as a matter of law, because it cannot raise, and the trial court cannot consider, the issues of course and scope and compensability. Accordingly, Martinez is entitled to final summary judgment, as a matter of law, affirming the Commission's decision that she sustained a compensable injury that resulted in disability.

**Document scanned as filed.**

45

## II.

### Fact Statement

Martinez was a child protective services caseworker for the Texas Department of Protective and Regulatory Services (TDPRS). On Saturday, June 9, 2001, she was working at home on service plans and case files, which were scheduled for a court hearing the following Monday. (Exs. C, D, K, and N 10-12).[1] As Martinez rose from the table where she was working to get a new pen, she slipped and fell, sustaining injuries to hear head, neck, and shoulder. That same day, she sought emergency room treatment from a local hospital. (Exs. B, D, N 9-12, and O).

The following Monday, June 11, Martinez reported the injury to her supervisor and made a claim for worker's compensation. However, when Martinez submitted her time for the week of June 9-19 to her supervisor approval, he refused to approve the hours for June 9, and informed her that her workers' compensation claim was being denied "because she didn't have prior approval to work at home." (Exs. K, N 25-26, 41-42, and S).

Administrative dispute resolution proceedings ensued.[2] Throughout the administrative proceedings, SORM did not dispute that Martinez was performing her caseworker duties when she was injured. Rather, its main reason for denial was alleged violation of a TDPRS rule requiring prior

---

[1] Except for the attached Exhibits 1 and 2, all of the evidence relied upon and referenced in this second motion for summary judgment was attached and authenticated in support of Martinez's prior motion for final summary judgment on different grounds. All of the evidence, identified as Exhibits A through T, was filed in this case without objection, and is incorporated herein for all purposes. A copy will be available at hearing.

[2] Martinez's administrative claim was determined by the Texas Workers' Compensation Commission. Effective Sept. 1, 2005, the Legislature abolished the Commission and created the Texas Department of Insurance-Division of Workers' Compensation to oversee workers' compensation claims. For consistency, this motion refers to the agency as the Commission.

2

46

permission to work overtime or at home. (Exs. C and K). The parties proceeded to a contested case hearing. The hearing officer made the following pertinent findings:

3. On June 9, 2001, the Claimant was *furthering the business and affairs of the Employer* by making reports and service plans that she needed to present in court on June 11, 2001 as *part of her normal work duties*.

4. In the *course of her work*, the Claimant got up from her table to go to a drawer to get a different pen. While walking in her kitchen...[T]he Claimant *fell to the floor and sustained injuries* to her head/face, left shoulder, left ankle, knees, and left hip and left thigh.

5. The Claimant's injury on June 9, 2001 did not involve any instrumentality of the Employer.

7. Because of her injuries on June 9, 2001, the Claimant was *unable to obtain and retain employment at wages equivalent to her pre-injury wage* for the periods of June 10 through June 13, 2001 and from June 15 through 17, 2001, and again from June 19 through the present. (emphasis added) (Ex. B).

Thus, although the hearing officer found that Martinez sustained injuries while engaged in and performing duties in the course and scope of employment that caused disability, because of his finding that the injury did not involve an "instrumentality" of the employer, he concluded that her injury was not compensable, and that she therefore had no disability.

Martinez, who was not represented by an attorney, filed a request for review of the contested case decision to the appeals panel, complaining that the hearing officer's determinations of compensability and disability were erroneous. (Ex. A). SORM, however, did not file a request for review or otherwise appeal any of the above findings to the appeals panel. On the contrary, in its response to Martinez's request for review, SORM expressly "*agrees* with Hearing Officer's Findings of Facts 1, 2, *3, 4*, 5, 6, and *7*" and requests *affirmance* (Ex. 1).

Thus, because "it is undisputed that [Martinez] fell and sustained her injuries while working

3

at home," the appeals panel concluded there was a causal connection between the injury and the activities of employment as a matter of law, regardless of whether an instrumentality of the employer was involved. (Ex. A). Accordingly, the appeals panel reversed and rendered a new decision that Martinez sustained a compensable injury and had disability from June 10, 2001 through the date of hearing, and ordered the payment of benefits. SORM filed this suit for judicial review.

Martinez's injuries include a nondisplaced fracture, impingement, and rotator cuff tear of the left shoulder which required surgery in March 2002. She was certified as reaching maximum medical improvement on November 4, 2002, with a final impairment rating of twenty-nine percent. (Ex. R). SORM has paid all compensation benefits due under the Commission's final order.

## III.

### Argument

As a defendant moving for summary judgment, Martinez has the burden to show that there are no genuine issues of material fact, and that she is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Market v. Johnson*, 821 S.W.2d 640, 646 (Tex. 1995). The court must examine the evidence and pleadings in a light most favorable to the plaintiff, resolving all doubts in the plaintiff's favor. *Lear Seigler, Inc. v. Perez*, 819 S.W.2d 470, 471(Tex. 1991). A defendant who negates at least one essential element of the plaintiff's cause of action is entitled to summary judgment on the cause of action. *Randall's*, 821 S.W.2d at 646.

The appeals panel decided that Martinez sustained a compensable injury and disability. Thus, to obtain reversal of the final Commission decision, SORM has the burden to show that Martinez did *not* sustain a compensable injury and did *not* have disability. TEX. LAB. CODE §410.303; *City of Pasadena v. Olvera*, 95 S.W.3d 494, 498 (Tex. App. – Houston [1st] 2002, no

4

48

pet.). Martinez is not required to produce any evidence on the issues. *Olvera*, 95 W.3d at 498. However, because SORM did not appeal the hearing officer's findings of injury in the course and scope of employment and resulting disability to the appeals panel, they are final and binding and cannot be challenged on judicial review. *Krueger v. Atascosa Cnty.,* 155 S.W.3d 316 (Tex. App. – San Antonio 2004, no pet.). Further, the unappealed findings conclusively establish a compensable injury and disability.

Therefore, SORM cannot meet its burden to show that Martinez did *not* sustain a compensable injury as a matter of law, because SORM cannot raise, and the trial court cannot consider, the issues of course and scope and compensability. Accordingly, Martinez is entitled to summary judgment as a matter of law that she sustained a compensable injury and disability.

1. SORM cannot show that Martinez did not sustain compensable injury and disability, because the unappealed hearing officer findings of injury in the course and scope and disability are final and not subject to trial court review.

A. The hearing officer's findings conclusively establish a compensable injury.

A "compensable injury" is one that (1) arises out of and (2) in the course and scope of employment. §410.011(10) and §406.031(a); *Texas Workers' Comp. Ins. Fund v. Simon*, 980 S.W.2d 730, 734-35 (Tex. App. – San Antonio 1998, no pet.) (two prong test for compensability is whether injury "arises out of" and "in the course and scope"). The workers' compensation act defines "course and scope" as an activity of any kind or character originating in the work or business of the employer and performed or engaged in by the employee in furtherance of the employer's work or business, whether conducted on the employer's premises or other locations. §410.011(12).

The "arises out of" prong is satisfied by proof of a causal connection between the activities of employment and the injury. *Simon*, 980 S.W.2d at 736; *Garcia v. Texas Indem. Ins. Co.*, 209

5

49

S.W.2d 333, 336 (Tex. 1948) (injury arises out of employment when there is a causal connection between the injury and employment "either through its activities, its conditions, or its environment"). As long as the employee is engaged in activities originating in and in furtherance of the employer's business that are producing cause of injury, the injury is sustained in the course and scope and compensable. *ESIS Inc. v. Johnson*, 908 S.W.2d 554, 557 (Tex. App. – Ft. Worth 1995, writ denied) (off duty deputy who shot himself while cleaning gun at home was in course and scope because he was injured while performing activities required by his employment).

In this case, the hearing officer's Findings 3 and 4 expressly find that on June 9, 2001, Martinez "was furthering the business and affairs of the Employer" ... by making reports and service plans ... "as part of her normal work duties," and "in the course of her work" fell to her kitchen floor and sustained the injuries in question. Finding 7 states that "[B]ecause of her injuries on June 9, 2001, [Martinez] was unable to obtain and retain employment ... at pre-injury wages ... from June 10, 2001 to the present." (Ex. B). Clearly, these findings virtually track the statutory definitions of compensable injury, course and scope, and disability, and conclusively establish each element of a compensable injury. Moreover, because these findings were not appealed to the appeals panel, they are final and binding, and therefore, the issues of course and scope and compensability cannot be challenged in the trial court.

B.   The unappealed findings on the issues of course and scope and disability are final and binding and thus, the issues cannot be raised in the trial court.

Under the statutes governing judicial review of a workers' compensation case, a trial is "limited to issues decided by the appeals panel and on which judicial review is sought." §410.302 (b). Thus, a party may not raise an issue in the trial court that was not appealed to and decided by

6

the appeals panel. *Krueger*, 155 S.W.3d at 619. (employee who failed to appeal hearing officer's adverse finding on issue of carrier's waiver of right to contest compensability could not raise waiver issue on judicial review); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63 (Tex. App. – San Antonio 2004, pet. denied); *TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex. App. – Waco 2003, pet. denied). This statute applies regardless of which party initiates the appeal. *Krueger*, 155 S.W.3d at 619.

Under §410.251, a party must first exhaust its administrative remedies before seeking judicial review. Moreover, a decision of the hearing officer is binding in the absence of a timely appeal. §410.169. By not appealing the adverse findings on an issue to the appeals panel, a party fails to exhaust its administrative remedies, and thus, such failure deprives the trial court of jurisdiction over the issue. §410.251; *Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775, 778-79 (Tex. App. – Eastland 2007, pet. denied).

In the instant case, Martinez timely filed a request for review to the appeals panel complaining of the hearing officer's erroneous determinations of compensability and disability. SORM, however, did not file an appeal or otherwise challenge any of these findings before the appeals panel. Furthermore, in its response to Martinez's request for review, SORM expressly *agreed* with these findings, including Findings 3, 4 and 7, and requested affirmance. (Ex. 1).

Clearly, the appeals panel based its decision on these unappealed findings. Indeed, noting that "it is undisputed that Martinez fell and sustained injuries while working on case files at home...," and thus in the course and scope of employment, the panel concluded that she sustained a compensable injury and disability, regardless of whether an "instrumentality" of the employment was involved. (Ex. A). Thus, the panel's decision did not turn on disputed fact issues regarding course

7

51

and scope, as none were before it, but was instead decided as a question of law, i.e. whether an injury required involvement of an "instrumentality" of the employer to be compensable. The panel correctly held that it did not.

Undeniably, SORM failed to appeal the hearing officer's adverse findings on the issues of injury in the course and scope and disability, and the issues were not decided by the appeals panel. Therefore, the findings are final and binding, and the issues of course and scope and compensability cannot be raised by SORM on judicial review or considered by the trial court. *Krueger*, 155 S.W.3d at 619. Moreover, because the trial court has no jurisdiction over the issues of course and scope and compensability, SORM cannot prevail on its cause of action as a matter of law.

C.      SORM's assertions of "no prior permission," "inherent risk," and "instrumentality" are likewise barred from trial court review.

Upon review of the record in this case, it comes as no surprise that SORM did not appeal, and in fact agreed, with the findings of injury in the course and scope and disability. From the time of its denial, throughout the administrative proceedings and on judicial review, SORM did not dispute that Martinez was engaged in her normal caseworker activities when she fell, or that the fall caused an injury and resulting disability, and certainly has not produced any evidence to the contrary. Rather, its main reason for denial is that Martinez allegedly violated a rule requiring prior permission to work at home or overtime. (Exs. B, C, H, and K). SORM also asserted her injury was not compensable because it did not arise out of an inherent risk or hazard of the employment, or did not involve an instrumentality of the employer.

For the reasons discussed above, however, these assertions and any evidence concerning the same are barred from trial court consideration. Clearly, since the issues of course and scope and

8

52

compensability cannot by raised in or considered by the trial court, these assertions and any supporting evidence are irrelevant and immaterial for any purpose, and can have no bearing on the outcome of this case. *Lopez v. Zenith Ins. Co.*, 229 S.W.3d at 778-79 (where court did not have jurisdiction over unappealed finding that carrier failed to timely contest compensability, court need not resolve issues on the sufficiency of notice of injury or timeliness of controversion).

Nonetheless, however, assuming the court determines these assertions can somehow properly be raised in this case, they are no evidence that Martinez did not sustain a compensable injury and disability, and thus, do not preclude her motion for summary judgment as a matter of law. This statement was one of the two grounds raised in Martinez's prior motions for summary judgment and directed verdict, which are hereby incorporated by reference. The arguments made in these prior motions will be briefly summarized here, and show that SORM's assertions in support of its denial, including no prior permission to work at home, do not defeat the compensability of an injury otherwise sustained in the course and scope of employment, and thus, are no evidence that Martinez she did not sustain a compensable injury.

With regard to the allegation that Martinez violated a rule requiring prior permission to work at home or overtime, it is well settled that violation of an employer rule regulating the manner of the work, as opposed to the scope, does not defeat the compensability of an injury where, as in this case, it is undisputed that the employee was otherwise engaged in and performing activities originating in the work and in furtherance of the employer's business, *i.e.*, in the course and scope of employment. *Maryland Cas. Co. v. Brown*, 115 S.W.2d 394, 397 (Tex. 1938); cited with approval in *Wingfoot Ent. v. Alvarado*, 111 S.W.3d 134, 139, fn. 26 (Tex. 2003); *Brown v. Forum Ins. Co.*, 507 S.W.2d 576, 577 (Tex. App. – Dallas 1974, no writ) (death of pilot operating private plane

9

instead of company plane in violation of company rule was compensable where it was stipulated that the pilot was otherwise in the course and scope of employment).

Thus, such an alleged rule violation is in the nature of an affirmative defense, similar to horseplay or intoxication, which assume the employee sustained the injury while otherwise engaged in the activities in the course and scope of employment. §406.032; *Maryland Cas. Co.*, 115 S.W.2d at 395, 397. In other words, evidence that Martinez did not have prior permission to work at home or overtime is no evidence that she was not *in fact working* when she fell.

Furthermore, the so called standard which Martinez allegedly violated clearly does not apply in this case. While it provides that an employee may not work overtime without advance supervisor approval, it says nothing about working at home. (Ex. H). In this regard, it was established in the administrative proceedings, and SORM admits, that Martinez was not working overtime on the date of injury. (Ex. N 41-42). Also, the "standard" clearly regulates the manner of the work rather than the scope. Although it may require prior approval to work overtime, it clearly does not forbid an employee from ever working overtime, or at home. Finally, that Martinez's injury occurred while working at home is likewise immaterial, because course and scope is not limited to the employer's premises or hours of work. §410.011(12)(a).

Thus, even if SORM could raise this alleged rule violation in the trial court, and offer evidence raising fact issues on whether the "standard" required permission to work at home, or whether Martinez violated it, it is immaterial and no evidence that Martinez did not sustain a compensable injury, because it is otherwise undisputed she was injured in the course and scope of employment.

SORM also asserts that Martinez's injury did not satisfy the causation element of

10

54

compensability, because it did not "arise out of" an inherent risk or hazard of employment, as she had no greater risk of falling at home than any member of the general public, and because the injury did not involve an "instrumentality" of employment. These flawed contentions are based on prior versions of the workers' compensation act and erroneous statements of law under either version.

The law does not require an employee to show she is at a greater risk of injury because of the employment than a member of the public at large, unless the injury is caused by an act of God. §410.032(E); *Standard Fire Ins. Co. v. Cuellar*, 468 S.W.2d 880, 883 (Tex. App. – San Antonio 1971, writ ref. n.r.e.), citing *Travelers' Ins. Co. v. Williams*, 378 S.W.2d 110, 113 (Tex. App. – Amarillo 1964, writ ref. n.r.e.) (refusing jury instruction on inherent risk or hazard of employment where employee was injured by bee sting at work, even if general public is exposed to same risk, because insect sting is not an act of God).

Likewise, there is no authority that compensability requires proof that an injury involved an "instrumentality" of employment. Indeed, as the appeals panel observed in rejecting this argument, an injury is compensable when is a there is causal connection between the injury and the employment "either through its activities, its conditions, or its environment." citing *Garcia v. Texas Indem. Ins. Co.*, 209 S.W.2d at 333. Therefore, even assuming these assertions could be raised in the trial court, they are no evidence that Martinez did not sustain a compensable injury, and likewise, do not preclude summary judgment for Martinez as a matter of law.

2.      Martinez has disability because of the compensable injury as a matter of law.

An employee who sustains disability as a result of the compensable injury is entitled to income benefits. "Disability" is defined as the inability to obtain and retain employment at wages equivalent to preinjury wages because of the compensable injury. §401.011(16). In this case, the

11

hearing officer's finding 7 virtually tracks the statute in finding that "because of her injuries on June 9, 2001" Martinez had disability for the time periods set forth. As above, because SORM did not appeal the hearing officer's finding on the issue of disability, it is final and not subject to trial court review, and conclusively establishes that Martinez had disability because of the compensable injury. Therefore, SORM cannot show that Martinez did not have disability as a matter of law.

Furthermore, SORM's only ground for disputing disability is its contention that the injury is not compensable, and is clearly without merit because, for the reasons discussed above, Martinez's injury is compensable as a matter of law. Indeed, as above, SORM has never disputed that Martinez sustained her injuries when she fell, or that the injuries caused disability, and certainly has not offered any evidence otherwise. On the other hand, the uncontroverted medical evidence referenced in this motion and on file in this case conclusively shows that Martinez had disability and impairment as a result of the compensable injury. (Exs. O, P, Q, and R). Moreover, SORM has paid all of the income and impairment benefits owed under the Commission's final determinations of maximum medical improvement and impairment rating, and therefore, can no longer contest these determinations as a matter of law.

3.      SORM is liable for the attorney fees incurred by Martinez as a result of its appeal.

When an insurance carrier seeks judicial review of an appeals panel decision on the issues of compensability or eligibility for benefits, and the employee prevails, the carrier is liable for the reasonable and necessary attorney fees and expenses incurred by the employee's attorney as a result of the appeal. §408.221(c). The fees must be approved by the court and based on the time and expenses as shown by the evidence and consideration of the factors listed in §408.221(d). Therefore, should the court grant this motion for final summary judgment, Martinez requests the court hold a

12

hearing to determine the amount of attorney fees owed to her attorney.

## IV.

## Summary Judgment Evidence

In support of this Second Motion for Final Summary Judgment, Martinez intends to rely upon and incorporates by reference all the exhibits attached to or referenced in this motion, or attached to or referenced in her prior motions for summary judgment, including Exhibits A through T of her first motion for final summary judgment, and which are on file in this case, as well as all other pleadings and evidence filed in this case, including the certified copies of public records, and any other authenticated or unauthenticated public, business, medical or other evidence and records exchanged by the parties in connection with the administrative and judicial proceedings in this case, or on file at the time of hearing on this motion, or filed thereafter with permission of the court, including:

Exhibit 1    SORM's Response to Martinez's Request for Review

Exhibit 2    Affidavit of Defendant's Counsel

Exhibit 3    List of Exhibits from Martinez's first Motion for Summary Judgment.

## V.

## Conclusion and Prayer

WHEREFORE, Defendant, Edna A. Martinez, respectfully requests that the court set this motion for hearing, and on hearing thereof, render a final summary judgment affirming the Commission's decision that Martinez sustained a compensable injury and disability; ordering the payment of compensation benefits accordance with the workers' compensation law; ordering the payment of Martinez's reasonable attorney fees and costs of court pursuant to §408.221; and for such

13

57

other and further relief to which Martinez may be justly entitled.

Respectfully submitted,

Kenneth W. Howell
Attorney at Law
629 S. Presa
San Antonio, Texas 78210
(210) 227-6305
(210) 227-6327 facsimile

By: _Kenneth W. Howell_
Kenneth W. Howell
State Bar No. 10102727

ATTORNEY FOR DEFENDANT

## FIAT

Defendant's Second Motion for Final Summary Judgment is hereby set for hearing on the 22nd day of February, 2013, at 8:30 a.m., in the Presiding Judicial District Court, Bexar County Courthouse, San Antonio, Texas.

JAN 2 9 2013

Signed this _____ day of _____, 2013

Peter Sakai
Presiding Judge
225th District Court
Bexar County, Texas
Judge Presiding

14

58

## CERTIFICATE OF SERVICE

By my signature, I hereby certify that a true and correct copy of Defendant's Second Motion for Final Summary Judgment is being forwarded on this _29th_ day of _January_ ,2013, to:

Sandra E. Salas
Assistant Attorney General
Tort Litigation Division
P. O. Box 12548
Austin, Texas 78711
(512) 463-2197
(512) 463-2224 facsimile

ATTORNEY FOR PLAINTIFF

by:   [X]   Facsimile Transmission
      [X]   First Class U.S. Mail
      [ ]   Certified Mail, Return Receipt Requested
      [ ]   Hand Delivery

Kenneth W. Howell

15

59

# Exhibit 1

## Carrier's Response to Claimant's Request for Review

# TEXAS WORKERS' COMPENSATION COMMISSION
## APPEALS PANEL
## AUSTIN, TEXAS

| | | |
|---|---|---|
| EDNA A. MARTINEZ, | § | |
| Claimant | § | |
| | § | |
| V. | § | DOCKET NO. SA-01-174797-01-CC-SA45 |
| | § | |
| STATE OFFICE OF RISK | § | |
| MANAGEMENT, | § | |
| Carrier | § | |

## CARRIER'S RESPONSE TO CLAIMANT'S REQUEST FOR REVIEW

THE STATE OFFICE OF RISK MANAGEMENT, referred to hereafter as "Carrier",

files this response to Claimant's Request for Review, which was received by the Carrier

on October 9, 2001.

### I.

### STATEMENT OF THE CASE

Carrier agrees with the Hearing Officer's Findings of Facts 1, 2, 3, 4, 5, 6, and 7.

Carrier agrees with the Conclusions of Law 1, 2, and 3. Carrier stands by the arguments

presented to the Hearing Officer at the hearing:

1. The Hearing Officer was correct in finding that Claimant did not sustain a

   compensable injury on June 9, 2001.

2. The Hearing Officer was correct in finding that because Claimant did not

   sustain a compensable injury, Claimant did not have disability.

## II.

## THE HEARING OFFICER CORRECTLY FOUND THAT THE CLAIMANT DID NOT SUSTAIN A COMPENSABLE INJURY ON JUNE 9, 2001.

According to Texas Labor Code Ann. Sect. 401.011 (10) a compensable injury is one which arises out of and in the **course and scope of employment**. The testimony and facts of this case revealed that Claimant was not in the course and scope of employment when her injury occurred. According to Claimant, she was working at her home on a Saturday morning (Claimant testified that her regular working hours were 8-5 Monday through Friday) when she got up to retrieve an item and she slipped and fell on her own kitchen floor in an unknown substance. As there were no witnesses to the fall there was not sufficient evidence that Claimant was doing anything related to work. Claimant was not sure what made her fall.

As the hearing officer pointed out in his opinion, slipping and falling is a risk shared by the general public, Claimant was not in any way exposed to some hazard inherent in her employment as a child protective service officer. Claimant was in her own home and fell on her own kitchen floor, absolutely no instrumentality of the Employer were involved.

## III.

## THE HEARING OFFICER WAS CORRECT IN FINDING THAT CLAIMANT DID NOT HAVE DISABILITY BECAUSE CLAIMANT DID NOT SUSTAIN A COMPENSABLE INJURY

According to Texas Labor Code Ann. Sect. 401.011 (16) disability is the inability

to obtain and retain employment at wages equivalent to the pre injury wage due to a **compensable injury.** Because claimant did not sustain a compensable injury, there is no disability. Claimant was not within the course and scope of her employment when she allegedly fell.

## IV.

## HEARING OFFICER IS SOLE JUDGE OF WEIGHT AND CREDIBILITY

The burden of proof is on the claimant to prove by a preponderance of the evidence that an injury occurred in the course and scope of employment, Texas Worker's Compensation Commission Appeal No. 91028, decided October 23, 1991. **The Hearing Officer is the trier of fact and is the sole judge of the relevance and materiality of the evidence and of the weight and credibility to be given the evidence.** TEX. LAB. CODE ANN. §410.165(a) (Vernon 2000). The Hearing Officer is charged with the responsibility of resolving conflicts and inconsistencies in testimony and other evidence and making findings of fact. *Garza v. Commercial Ins. Co. of Newark, N.J.*, 508 S.W.2d 701 (Tex. Civ. App. - Amarillo 1974, no writ). **The trier of fact may believe all, part, or none of any witness's testimony because the finder of fact judges the credibility of each and every witness, the weight to assign to each witness's testimony, and resolves conflicts and inconsistencies in the testimony.** *Taylor v. Lewis*, 553 S.W.2d 153 (Tex. Civ. App.- Amarillo 1977, writ ref'd n.r.e.); Texas Worker's Compensation Commission Appeal No. 93426, decided July 5, 1993.

Only if the findings of the Hearing Officer are so against the great weight and

preponderance of the evidence as to be manifestly wrong or unjust would it be appropriate to set aside or otherwise disturb his findings and determinations. *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex. 1986); *Atlantic Mutual Ins. Co. v. Middleman,* 661 S.W.2d 182 (Tex. App.--San Antonio 1983, writ ref'd n.r.e.). The Hearing Officer's decisions are clearly supported by the evidence in this case.

## IV.

## CONCLUSION

The evidence clearly supports the Hearing Officer's conclusion that Claimant did not meet her burden in proving that she sustained a compensable injury and that she suffered disability due to a compensable injury.

## PRAYER

SORM would respectfully ask the TEXAS WORKERS' COMPENSATION COMMISSION APPEALS PANEL to:

(1) Uphold the Hearing Officer's decision that Claimant did not meet her burden of proving that Claimant sustain a compensable injury on June 9, 2001.

(2) Uphold the Hearing Officer's finding that because Claimant did not sustain a compensable injury, she did not have disability.

(3) Grant all other relief requested herein.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

NELLY R. HERRERA
Chief, Tort Litigation Division


NATALIE BRAMLETT
Assistant Attorney General
Tort Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2197
Facsimile: (512) 463-2224
State Bar No.24026914
ATTORNEY FOR CARRIER

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded by certified mail, return receipt requested, by depositing it enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the care and custody of the United States Postal Service on this, the 26th day of October, 2001, to the following:

Ms. Edna A. Martinez
331 Margo Street
San Antonio, Texas 78223-5602
*Certified Mail #7001-0320-0001-1857-3303*

and by regular, First Class Mail to the following:

Ms. Margaret Mery Cisneros
Ombudsman, TWCC
9514 Console Drive, Suite 200
San Antonio, Texas 78229-2043

NATALIE BRAMLETT | FOR
ASSISTANT ATTORNEY GENERAL

# Exhibit 2

# Affidavit of Defendant's Counsel

| | | |
|---|---|---|
| STATE OFFICE OF RISK MANAGEMENT | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS | § | 37th JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDNA A. MARTINEZ | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF KENNETH W. HOWELL

Before me, the undersigned notary public, on this day personally appeared Kenneth W. Howell, who by me duly sworn upon his oath, deposed and said as follows:

"My name is Kenneth W. Howell. I am over the age of eighteen and duly qualified to make this affidavit. The factual matters stated herein are within my personal knowledge and are true and correct.

I am the attorney of record for Defendant in this cause. The document attached as Exhibit 1 to Defendant's Second Motion for Final Summary Judgment is a true and correct copy of Plaintiff's Response to Defendant's Request for Review, which was produced by Plaintiff in response to Defendant's written discovery requests in this cause, and contained in Plaintiff's claim file, and filed with the Texas Department of Insurance-Division of Workers' Compensation in connection with the administrative proceedings on the injury in question. Further, affiant sayeth not."

_____
Kenneth W. Howell, Affiant

Subscribed and sworn to before me on this the 28th day of January, 2013 by the above affiant, Kenneth W. Howell, to certify which witness my hand and official seal.

_____
Notary Public in and for the State of Texas

TERESA MIRANDA
Notary Public, State of Texas
My Commission Expires
June 05, 2013

68

# Exhibit 3

### List of Exhibits to Defendant's
### First Motion for Final Summary Judgment

## EXHIBITS TO DEFENDANT'S
## FIRST MOTION FOR FINAL SUMMARY JUDGMENT

Exhibit A     Appeals Panel Decision

Exhibit B     Contested Case Hearing Decision

Exhibit C     Benefit Review Confers Report

Exhibit D     Injury Reports

Exhibit E     Notice of Refusal (TWCC-21) filed June 27, 2001 and
              Notice of Initial Payment, 12/12/2001

Exhibit F     Family Service Plans

Exhibit G     Court Docket for June 11, 2001

Exhibit H     Job descriptions and TDPRS Employee Guide

Exhibit I     Unit Meeting Memorandum, February 14, 2001

Exhibit J     Weekly time sheets

Exhibit K     Written Statement of Martinez and Commission Notes

Exhibit L     Statement of Co-Worker

Exhibit M     SORM Adjuster Case Notes

Exhibit N     Transcript from Contested Case Hearing

Exhibit O     Southeast Baptist Hospital-Medical Records

Exhibit P     Misc. Providers-Medical Records

Exhibit Q     Mario Bustamante M.D.-Medical Records

Exhibit R     Designated Doctor Report

Exhibit S     Memorandum and Notice of Termination

Exhibit T     Affidavit of Defendant's Counsel